UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JASON T. GAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 6:22-CV-12-CHB |
| v. | ) | |
| | ) | |
| H.L. RAY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Jason Gay has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), a petition will be dismissed "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." The Court evaluates Gay's petition under a more lenient standard because he is not represented by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation to encompass any allegation stating federal relief.") (cleaned up).

In June 2015, Gay was indicted in this Court for trafficking in methamphetamine and being a felon in possession of a firearm. *United States v. Gay*, 5:15-CR-051-JMH-1 (E.D. Ky. June 11, 2015), ECF No. 1 (Indictment). Gay would later plead guilty to those charges. *Id.* at

ECF No. 26 (Minute Entry for Rearraignment). Because Gay qualified as a career offender under the Sentencing Guidelines, he faced an advisory guidelines range of 262–327 months imprisonment for those crimes. *See id.* at ECF No. 32 (Defendant's Motion for Downward Departure).

During the sentencing hearing in November 2016, defense counsel sought a downward variance to 130 months imprisonment based upon proposed changes to the Sentencing Guidelines and the lack of any violence in Gay's past. *Id.* at ECF No. 47, p. 5 (Sentencing Hearing Transcript). Counsel also cited to "the Setzer case"[1] when "ask[ing] the court to run his federal prison sentence concurrent with his undischarged state prison time that he is currently serving." *Id.* at 13. When imposing sentence, the presiding judge noted that while Gay had an extensive criminal history for drug offenses, none of those charges involved violence. *Id.* at 18. The judge therefore granted a downward variance far below the guidelines range and sentenced Gay to 162 months imprisonment on the drug trafficking charge and 120 months on the firearms charge, the two terms to be served concurrently with one another. *Id.* at 19. The judge also stated that:

> I am not for sure this is necessarily going to make any difference, but the court would direct that the sentence, federal sentence run concurrent to any state sentence that the defendant may have.  I -- and from my experience the state's probably going to say out of sight, out of mind, you are going to the Feds but it won't start until you get to the federal institution, until you are turned over to the Marshals.  Don't be writing me saying the state didn't give me all this time from the time I ran into trouble with the state.  Your federal time starts when you get to the federal institution plus the time you have been in here with the Marshals.

---

[1] Presumably, *Setser v. United States*, 566 U.S. 231 (2012) (holding that under 18 U.S.C. § 3584 a district court has the authority to order that a federal sentence shall run consecutively to an anticipated but as-yet unimposed state sentence).

*Id.* at 22. The written judgment and commitment order stated that the federal sentence "is to run concurrent to any remaining state sentences." *Id.* at ECF No. 36 (Judgment). Gay appealed on a single ground, arguing that the judge should have granted an even more generous downward departure. *United States v. Gay*, No. 16-6711, 2017 U.S. App. LEXIS 21410, at *2 (6th Cir. Oct. 25, 2017). The Sixth Circuit disagreed and affirmed Gay's sentence as substantively reasonable. *Id.* at *5–7.

In his current petition, Gay suggests that he is challenging the Bureau of Prisons' execution of his sentence, namely its calculation of prior custody credits. [R. 1, pp. 1–2]. But the balance of his Petition makes clear that, in actuality, he challenges the validity of the sentence imposed by the trial court *ab initio*. *See id.* at 1–7. Gay argues that Section 5G1.3(b)(1) of the Sentencing Guidelines required the sentencing court to reduce his federal sentence by the amount of time he served in state custody for offenses related to those which formed the basis for his federal prosecution. *Id.* at 2–3. He further argues that the sentencing court was required to credit him with time spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. *Id*. at 2–7.

The Court has reviewed the petition and concludes that it states no viable basis for relief. At the outset, while Gay makes sporadic references to the BOP's calculation of his sentence, it is clear that he challenges the criminal judgment itself rather than the BOP's execution of it. The Eastern District of Kentucky and other courts have rejected the notion that a claim that Section 5G1.3 should have been applied at sentencing implicates the BOP's execution of a criminal judgment. *See Williams v. Quintana*, No. 5:17-CV-283-KKC (E.D. Ky. Aug. 14, 2017), ECF No. 8 (Memorandum Opinion and Order); *see also Ephraim v. Cauley*, No. 1:11-107, 2014 WL 1338525, at *3 (S.D.W. Va. Mar. 31, 2014) ("[I]t is clear that [Williams] is trying to somehow

3

make the sentencing court's failure to order concurrent sentences and the BOP's failure to grant

a concurrent designation an issue with execution of [his sentence].". The Court therefore treats

Gay's Petition as a challenge to the validity of the sentence imposed in 2016.

So understood, it is plain that Gay's claims do not meet the requirements to challenge his

sentence in a § 2241 petition filed pursuant to 28 U.S.C. § 2255(e). Section 2241 authorizes

federal courts to grant habeas relief to a prisoner whose custody violates federal law. But the

availability of relief under Section 2255 considerably narrows the range of claims that may be

asserted under Section 2441. *Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021). Thus, "Section

2241 typically facilitates only challenges to the execution or manner in which the sentence is

served – those things occurring within the prison." *Id*. (quotation marks omitted). In contrast,

"Section 2255 now serves as the primary means for a federal prisoner to challenge his conviction

or sentence—those things that were ordered in the sentencing court." *Id*. Thus, a federal prisoner

generally must use § 2255, not § 2241, to challenge his conviction or the enhancement of his

sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

There is a narrow exception, but Gay's claims do not fit within it. A defendant may

properly invoke Section 2241 to challenge his sentence if he can demonstrate that after his

conviction became final, the United States Supreme Court issued a retroactively applicable

decision establishing that—as a matter of statutory interpretation—a prior conviction used to

enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v.

Masters*, 836 F.3d 591, 599–600 (6th Cir. 2016). Gay makes no such claim, contending instead

that the sentencing court failed to *sua sponte* invoke and apply U.S.S.G. § 5G1.3 based upon law

already in effect at the time of his sentencing. [R. 1, pp. 3–6]. And although the asserted

sentencing error about which Gay now complains is one that he could have challenged on direct

4

appeal or in an initial motion under Section 2255, he did not pursue either avenue of relief.

Having failed to take advantage of earlier opportunities to raise his claims, he may not now

resort to Section 2241 to assert them now for the first time. *See Wright v. Spaulding*, 939 F.3d

695, 705 (6th Cir. 2019). The Court will therefore dismiss the petition for lack of subject-matter

jurisdiction. *See Taylor*, 990 F.3d at 496.

Accordingly, it is **ORDERED** as follows:

1.      Jason Gay's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241,

**[R. 1],** is **DISMISSED**.

2.      This action is **STRICKEN** from the docket.

This the 2nd day of February, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

5